**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
Case No. 5:23-cv-00143-LLK

**GLENN E. DAULTON, INC.,**                                                                 **PLAINTIFF**

**v.**

**PONTCHARTRAIN PARTNERS, LLC**,                                                 **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

On April 8, 2024, the parties herein consented to the jurisdiction and authority of the undersigned United States Magistrate Judge to conduct all proceedings in this civil action and to order the entry of final judgment, with any subsequent appeal to be filed directly to the United States Court of Appeals for the Sixth Circuit. Order of April 9, 2024, [DN 17]. On April 9, 2024, District Judge Beaton signed the Order Approving Consent to Magistrate Judge Adjudication. [DN 18]. Before the Court is Plaintiff Glenn E. Daulton, Inc.'s ("Plaintiff," "Daulton," or "Owner") Motion for Summary Judgment. Motion [DN 19]. Defendant Pontchartrain Partners, LLC ("Defendant," "Pontchartrain," or "Charterer") filed their Response to the instant Motion, Response [DN 21], and Plaintiff filed a Reply, Reply [DN 22]. This matter is therefore ripe for review.

For the following reasons, the Motion is **GRANTED**.

**BACKGROUND**

This is a case in admiralty concerning Defendant's failure to pay Plaintiff for invoices and repairs owed under contract—a September 6, 2019, Bareboat Barge Charter (and subsequently agreed-to supplements). [DN 19-3] ("Charter"). Under the Charter, Plaintiff-Owner chartered certain barges, including GD-2008-1 ("Chrissy") and GD-20033 ("Meredith"), to

Defendant-Charterer, at a certain daily charter rate and with certain obligations to provide for the cost of incidental repairs. Memorandum in Support of Motion for Summary Judgment, [DN 19-1] ("Memo") at 1; Response [DN 22] at 2; Charter [DN 19-3].

Defendant does not affirmatively contest the merits of this dispute; that is, it does not deny that it owes Plaintiff for charter hire or for the barges' repair. *See* Memo [DN 19-1] at 9; [DN 19-3]. Rather, without submitting to the Court its proffer of a lesser amount owed, or any evidence to that effect, Defendant argues on procedural grounds that Plaintiff has: 1) failed to submit sufficient proof that Plaintiff's invoices reflect the proper daily rate for charter hire, and 2) failed to submit sufficient proof that Plaintiff's repair costs are reasonable. Response [DN 21] at 2-4. These disagreements can readily be addressed by referring to the plain Charter terms and the uncontroverted evidence on the record.

## I.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "No genuine dispute of material fact exists where the record 'taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Shreve v. Franklin Cnty.*, 743 F.3d 126, 131 (6th Cir. 2014) (quoting *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Courts are to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

A party asserting that a fact is genuinely disputed must support the assertion by "'citing to particular parts of materials in the record' or by 'showing that the materials cited do not establish the absence ... of a genuine dispute[.]'" *Live Nation Worldwide, Inc. v. Secura Ins.*, 423 F. Supp. 3d 383, 387 (W.D. Ky. 2019) (citing Fed. R. Civ. P. 56(c)). The Court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely[.]" *Id*.

## II.  WHETHER THERE IS A GENUINE DISPUTE OF MATERIAL FACT OVER CHARTER RATES AND RELATED INVOICES

Defendant argues that "Plaintiff has failed to provide sufficient proof that the charter rates in question are correct." Response [DN 21] at 2. Plaintiff's proof in this regard includes:

- a company officer's sworn declaration, Russell Smith Motion Declaration [DN 19-2] at 2 (swearing to the veracity of the submitted invoices under penalty of perjury),
- attached invoices, [DN 19-3] (including charter rates and amounts due), and
- statements reflecting interest owed on these overdue bills, [DN 19-4].

Defendant, on the other hand, submits no evidence attempting to show that these rates and amounts are incorrect. Defendant's sole justification for why Plaintiff should be denied summary judgment on its claim for charter hire is that Defendant did not attach an updated Charter schedule, contemplating daily rates for the Chrissy and Meredith from 2020 - 2023, to its Motion. Response [DN 21] at 2.

In light of the uncontroverted evidence just discussed, this specific updated Charter schedule may be superfluous for summary judgment purposes. However, Plaintiff does provide the updated Charter schedule in its Reply,[1] and the record shows that Defendant agreed to its terms and was fully aware of its existence. Plaintiff provides:

- a declaration, Russel Smith Reply Declaration [DN 22-1] at 2 ("An updated [Charter] Schedule dated January 27, 2020, was agreed upon between Daulton and Pontchartrain[.]"),

- the updated Charter schedule, [DN 22-2] (including the charter rates in question and signed by Defendant),

- emails between the parties concerning the updated Charter schedule, [DN 22-3], and

- proof that Defendant made payments pursuant the updated Charter schedule for three years, Reply [DN 22] at 6; Russell Smith Reply Declaration [DN 22-1] at 2 ("Pontchartrain paid charter hire for the Barges at the agreed rates from early

---

[1] Courts generally do not accept facts "first presented in a reply memorandum," where they deprive the other party "of the ability to make cogent arguments to counter [a] motion for summary judgment." *Cambridge Mut. Ins. Co. v. Patriot Mut. Ins. Co.*, 323 F. Supp. 2d 95, 106 (D. Me. 2004). Courts in this Circuit, however, have distinguished between entirely new facts as opposed to supplemental support responding to opposition papers. *See Memphis Pub. Co. v. Newspaper Guild of Memphis, Loc. 33091,* No. 04-2620 B/P, 2005 WL 3263878, at *2 (W.D. Tenn. Nov. 30, 2005) (where reply evidence "merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers-both briefs and affidavits-may properly address those issues"); *Foshee v. Forethought Fed. Sav. Bank*, No. 09-2674-JPM-DKV, 2010 WL 2158454, at *4 (W.D. Tenn. May 7, 2010), *report and recommendation adopted*, No. 09-2674-JPM-DKV, 2010 WL 2158776 (W.D. Tenn. May 24, 2010). Based on the present circumstances, and because Defendant was on notice of the updated Charter schedule, this Court does not find that granting it *sua sponte* leave to file a sur-reply would be necessary or productive.

2020 through the February 2023 charter period, at which point Pontchartrain ceased paying charter hire invoices altogether.")

Plaintiff has satisfied its initial burden of showing that it is owed on the invoices in question, and Defendant "must go beyond the pleadings and come forward with specific facts demonstrating the existence of a genuine issue for trial." *Siemens Energy, Inc. v. CSX Transportation, Inc*., 446 F. Supp. 3d 184, 188 (E.D. Ky.), *aff'd sub nom. Progressive Rail Inc. v. CSX Transportation, Inc*., 981 F.3d 529 (6th Cir. 2020) (internal quotations and citations omitted). Defendant "must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Id.*

Without a "scintilla of evidence" to support Defendant's opposition, *see Mullendore v. City of Belding*, 872 F.3d 322, 328 (6th Cir. 2017), Plaintiff succeeds on its $215,460.09 claim for charter hire.

### III. WHETHER THERE IS A GENUINE DISPUTE OF MATERIAL FACT OVER COSTS OF REPAIR

Plaintiff's second claim for damages involves an unambiguous contract and undisputed facts showing Defendant's breach thereof. The Charter provides, and neither party contests, that it is a maritime contract. Where the validity of a maritime contract is uncontested, we begin interpretation with the question of whether its terms are ambiguous. *In re AmTrust Fin. Corp*., 694 F.3d 741, 750 (6th Cir. 2012) ("Where a contract's meaning is clear on its face, that meaning controls.") (interpreting contract under federal common law); *LLOG Expl. Co., L.L.C. v. Signet Mar. Corp*., 673 F. App'x 422, 425 (5th Cir. 2016) ("When interpreting maritime contracts, federal admiralty law rather than state law applies. A maritime contract ... should be read as a

whole and its words given their plain meaning unless the provision is ambiguous.") (internal quotations and citations omitted).

The Charter unambiguously provides that, should Defendant dispute the cost of barge repairs as charged, it is to follow a certain procedure. *See* Charter [DN 19-3] at 5-6.[2] That procedure requires securing additional surveyors to independently evaluate Plaintiff's original survey and foundation for repair costs. *Id.* The Charter further provides that "Charterer shall be responsible to expeditiously arrange and pay for all repairs[,]" *id.*, and that "[t]ime is of the essence of the performance of the terms of this Charter[,]" *id.* at 14.

Plaintiff submits undisputed evidence that Defendant did not initiate a dispute under Charter procedure, but instead solicited bids for repairs after receiving Plaintiff's original survey. *See* Russell Smith Motion Declaration [DN 19-2] at 3-4 ("Off-charter surveys of the Barges were performed on October 3, 2023[.] … The surveyor determined that the Barges were in need of repairs to restore them to their pre-charter condition. On October 5, 2023, Pontchartrain requested that the surveyor solicit bids for the repairs to be performed."); Russel Smith Reply Declaration [DN 22-1] at 2 ("At no time, did Pontchartrain communicate to me that they were disputing that the repairs were required because of damages that occurred while the Barges were in Pontchartrain's possession.")

Rather than explicitly dispute the costs of repair and follow Charter procedure, Defendant forced Plaintiff to bring this litigation to collect amounts due. But now, at this late date, Defendant claims it was overbilled.

---

[2] "If for any reason the parties cannot agree on the repairs recommended by the Off-Charter survey the Charterer may hire a surveyor to perform the duties set forth in this paragraph with each party being responsible for paying the costs incurred by its surveyor, and those two surveyors shall appoint a third surveyor whose decisions regarding items (ii) and (iii) above shall be conclusive and binding on both parties."

Defendant states that "a dispute arose as to the veracity of the interest and repair invoices" when it returned the barges in September 2023. Response [DN 21] at 2. Defendant provides no evidence for this claim. As the nonmoving party, Defendant "has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *Morris*, 260 F.3d at 655 (6th Cir. 2001).

Defendant does not argue that it ever followed Charter dispute procedure; it only attempts to dispute the costs of repair, now, in its Response. The Court finds that Defendant has waived any argument as to the reasonableness of the $73,304.50 repair claim by breaching the Charter dispute procedure and covenant to expeditiously arrange for repairs.

## IV. ATTORNEYS' FEES, COSTS, AND INTEREST

The Charter provides that in the event of default, the "prevailing party will recover from the losing party all legal costs including reasonable attorneys' fees incurred in protecting or pursuing its rights hereunder." Charter [DN 19-3] at 11; Memo [DN 19-1] at 10-11. It also contemplates that interest on unpaid charter-hire invoices should accrue "at the rate of 1½% per month until paid." Charter [DN 19-3] at 1; Memo [DN 19-1] at 9. Defendant makes no argument to the contrary. *See generally* Response [DN 21]. The Court finds that the parties should be bound by the unambiguous language of the Charter with reasonable attorneys' fees, legal costs, and interest awarded to Plaintiff, as provided for under the Charter.[3] The Court orders Plaintiff to

---

[3] This specific Charter language supplants the general maritime rule that "parties pay their own fees absent bad faith or oppressive litigation tactics." *Southworth Mach. Co. v. F/V COREY PRIDE*, 994 F.2d 37, 41 (1st Cir. 1993) *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 250 (1st Cir.) *cert. denied*, 474 U.S. 1021 (1985); *Goodman v. 1973 26 Foot Trojan Vessel*, 859 F.2d 71, 74 (8th Cir.1988). Bad faith and oppressive litigation may, nonetheless, be present in the circumstances of this and related cases. Since this litigation was fully briefed, at least two different courts have found against Defendant Pontchartrain Partners, LLC, identifying similar

submit a separate motion with a supporting affidavit identifying the amount of fees, costs, and interest incurred in connection with this matter.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Summary Judgment, [DN 19], on its contractual claims against Defendant Pontchartrain Partners, LLC is **GRANTED**, and

2. The Court awards Plaintiff Daulton damages against the Defendants in the amount of $288,764.50, as well as legal costs, attorneys' fees, and pre- and post-judgment interest. Plaintiff shall submit a separate motion with a supporting affidavit identifying the amount of fees, costs, and interest no later than fourteen (14) days from the entry of this order. Defendant shall have seven (7) days to respond.

November 1, 2024

Lanny King, Magistrate Judge
United States District Court

---

factual circumstances (i.e., Defendant's refusal to pay Plaintiff amounts duly owed under contract) and Defendant's failure to offer evidence to the contrary. *See Cent. Boat Rentals, Inc. v. Pontchartrain Partners, LLC*, No. CV 23-7152, 2024 WL 3742685, at *3 (E.D. La. Aug. 9, 2024) ("Pontchartrain offers no summary-judgment evidence to refute these facts."); *Gulf Coast Limestone, Inc. v. Pontchartrain Partners, LLC*, No. CV H-23-2831, 2024 WL 4008098, at *1 (S.D. Tex. Aug. 29, 2024) (same).